Roe *vs.* Beakes, sheriff of Orange.

The statute limiting suits against sheriffs for *escapes* of persons *imprisoned on civil process* to one year, applies as well to escapes after arrest and *before* commitment, as to escapes *after* commitment.

Demurrer to replication. The declaration is in *debt* for the escape of one *N. Smith*, arrested on a *capias ad satisficiendum*, sued out on a judgment against him in favor of the plaintiff. The defendant pleads, 1. *nil debet ;* and 2. That the cause of action in the declaration mentioned did not accrue to the plaintiff at any time *within one year* before the exhibiting of his bill, &c. To the second plea, the plaintiff replies *precludi non*, because the defendant, after he had arrested *Smith* by virtue of the ca. sa., and before he had *actually imprisoned him* in the jail of the county, and while he had him in his custody, and while he was on the way to the jail, suffered and permitted him to escape, and go at large out of his custody without the leave or license, and against the will of the plaintiff, to wit, at, &c. and this he prays may be enquired of by the country, &c. To which replication the defendant *demurs*.

*J. R. Van Duzer*, for defendant.

*J. A. Spencer*, for plaintiff, insisted that the statute limiting suits against sheriffs for escapes to *one year*, applied only to escapes of persons *imprisoned* on civil process, and not to escapes permitted after an arrest and *before commitment* to prison. 1 R. L. 427, § 26.

*By the Court*, Sutherland, J. The only question in this case is, whether the 25th section of the act concerning sheriffs and their duty, 1 R. L. 427, is applicable to escapes from arrest, before the prisoner is actually committed to prison. That section provides, " that no action shall be brought or maintained against any sheriff, coroner or other officer, for the escape of any person *imprisoned on civil* process, unless the same be brought within one year from the time of such escape."

Is a defendant, who is actually arrested upon an execution, and is in the custody of the sheriff, on his way to the county jail, *imprisoned on civil process* within the meaning of that section? That he is a prisoner there can be no doubt; it is doing no violence to the language of the section to apply it to such a case, and if it does not apply, then there is no limitation in the act to suits brought for escapes between the first arrest and the time when the defendant is actually brought within the walls of the prison. No reason for such discrimination is perceived; it would naturally be supposed, if any distinction was made, that greater indulgence would be extended to sheriffs for escapes before than after actual incarceration. The facility of escape is greater, and the sheriff has no security. The section applies to all escapes from imprisonment, voluntary as well as negligent; and if the construction contended for by the plaintiff be sound, a sheriff cannot be prosecuted for a voluntary or permissive escape from the limits, after one year, while for a negligent or involuntary escape while conducting his prisoner to jail, he would be responsible at any time within six years. Such a result could not have been intended by the legislature.

Judgment for defendant.